LEGISLATOR — CONFLICT OF INTEREST An otherwise professionally qualified legislator public accountant may contract with and perform an annual audit for an Oklahoma School District, if he is paid from a special audit fund consisting solely of nonstate appropriated monies. Provided, Attorney General Opinion 72-288 is hereby expressly affirmed; the question of conflict of interest cannot be answered as a matter of law, but must be examined if the fact situation requires it. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: May an otherwise professionally qualified legislator-public accountant contract with and perform an annual audit for an Oklahoma School District, if he is paid from a special audit fund consisting solely of non-state appropriated monies? It is well settled that a member of the Legislature may not receive compensation from the state appropriated fund of any school district. State v. Board of Education of Dependent School District No. D-38, Okl., 389 P.2d 356 (1964), Op. Atty. Gen. 63-370. Previous Attorney General Opinions held that a State Senator may serve as attorney and legal advisor to the local school district, and that a legislator may be paid for services from school district funds not derived from appropriations. Ops. Atty. Gen. 71-233, 66-331. Your question raises the possible applicability of Article II, Section 11, of the Oklahoma Constitution, which provides that a legislator may not accept outside full-time employment which would prevent him from adequately giving personal attention to the duties of his office. Your question also raises the possible applicability of 74 O.S. 1409 [74-1409] (1971), "Acts prohibited by Legislator." Section 74 O.S. 1409 [74-1409] provides in pertinent part: "No legislator shall: "(g) Accept other employment which would impair his independence of judgment in the performance of his public duties." In researching a similar question, Attorney General Opinion 72-288 examined the entire Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] — 74 O.S. 1416 [74-1416] (1971), and made a pertinent analysis: "Under Subsection (g), quoted above, no legislator may accept other employment which will impair his independence of judgment as he performs his public duties as a legislator. Each legislator must make his own decision as to whether his outside employment does affect his judgment as a legislator. It cannot be concluded as a matter of law that a legislator will lack independence of judgment when he accepts any particular form of employment, because in each case the question is a question of fact which must be resolved after due consideration to all circumstances involved. "Title 74 O.S. 1971 1413 [74-1413] provides that the Oklahoma Code of Ethics for State Officials and Employees Act shall be cumulative to existing laws. Therefore, the common law governing conflicts of interest remain viable in Oklahoma. A public officer owes an undivided duty of loyalty to the public, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interest of the public. 63 Am. Jur.2d Public Officers and Employees, 281. "The Oklahoma Constitution provides in Article II, Section 11 that a legislator must `give personal attention to the duties of the office to which he is elected or appointed.' Again, in every case, the question of whether this command has been violated is a question of fact." In Attorney General Opinion 72-288, it was stated: ". . . In each case, the legislator must comply with the provisions of 74 O.S. 1409 [74-1409] (1971) prohibiting the acceptance of other employment which would impair his independence of judgment as a legislator. The legislator must not accept outside full-time employment which would prevent him from adequately giving personal attention to the duties of his office under Article II, Section 11 of the Oklahoma Constitution. Article V, Section 23 of the Oklahoma Constitution and 74 O.S. 1409 [74-1409](i) (1971) require that no legislator shall derive any benefit from appropriations made by a Legislature of which he was a member. No legislator may receive compensation as a school district employee if such compensation is paid out of the general fund of any school district to which there has been apportioned by the State Board of Education out of appropriated funds any sum of money. A legislator who complies with other requirements of law while employed as a school district employee may receive compensation from the general fund of the school district only when that district receives no state aid. He may receive compensation out of separate funds, if any, derived exclusively from sources other than legislative appropriations, provided that his salary is not included in any calculation of eligibility of the employing school district for state aid or other funds appropriated by the Legislature." That opinion is hereby affirmed and is deemed applicable to your question. It is, therefore, the opinion of the Attorney General that your question be answered as follows: An otherwise professionally qualified legislator-public accountant may contract with and perform an annual audit for an Oklahoma School District, if he is paid from a special audit fund consisting solely of non-state appropriated monies. Provided, Attorney General Opinion 72-288 is hereby expressly affirmed; the question of conflict of interest cannot be answered as a matter of law, but must be examined if the fact situation requires it. (Daniel J. Gamino) ** SEE: OPINION NO. 87-525 (1987) **